STROIK and another, Plaintiffs and Respondents, vs. KOBIDA, d/b/a GREYS MOTOR SERVICE, Defendant: KREUTZMANN, Garnishee Defendant and Appellant.

*September 5—October 3, 1950.*

For the appellant there was a brief by *Miller, Mack & Fairchild* and *Joseph R. Barnett,* all of Milwaukee, and oral argument by *Mr. Barnett.*

For the respondents there were briefs by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell.*

FRITZ, C. J.   The following facts stated in Kreutzmann's affidavit on his motion to vacate the judgment directing him to pay the $500 into court are apparently undisputed: That prior to the service of the garnishee summons and complaint upon him on October 2, 1948, Kreutzmann had never been joined in an action as a garnishee defendant and was unaware of the proper course of action to be taken, and he knew no lawyer in the Stevens Point area in which he was then working; that he called at the office of the plaintiffs' attorneys, Atwell & Atwell, to obtain advice as to the proper procedure he should follow in response to said garnishee summons and complaint, and that he told W. E. Atwell, Sr., he was in no way indebted to Vincent Kobida, but Kreutzmann informed Atwell that he did owe $500 for shovel rental to the Speedway Contracting Company of Milwaukee, a partnership in which John Kobida, a brother of the defendant Vincent Kobida, was a partner; that in good faith Kreutzmann asked Atwell, Sr., what he should do, and that Atwell stated plaintiffs intended to show that John Kobida and Vincent Kobida were partners in the Speedway Contracting Company, and Atwell advised Kreutzmann to hold the $500 owed to Speedway Contracting Company and pay the money into court when so ordered, and let the court decide who was entitled to the money; and that Atwell requested Kreutzmann to sign a paper which had been previously prepared, and he signed such paper without reading it.  It reads:

"Now comes the above-named garnishee defendant, Jack Kreutzmann, personally, in answer to the garnishee summons heretofore served on him, and sets forth and shows, that prior to such garnishee he rented a machine from Kobida under the name of the Speedway Contracting Company; that there is still due and owing on such rental the sum of five hundred ($500) dollars; that such money is held subject to the further order of the court."

In that answer there is no statement or admission that Kreutzmann is indebted to or has in his possession $500 which is owing to *Vincent* Kobida, or in or to which that defendant has any right or interest whatsoever.

In the affidavit filed on his motion to vacate said judgment Kreutzmann also stated that on June 15, 1949, he was served with a summons and complaint in an action against him commenced in the circuit court for Milwaukee county by *John* Kobida and John Bacik, doing business as the Speedway Contracting Company, to recover for unpaid shovel rental the said $500 which he, as garnishee defendant, was holding in the action in accordance with his conversation with W. E. Atwell, Sr.; that Kreutzmann thereupon took said summons and complaint to an attorney at Portage and instructed him to protect his interests in the Milwaukee action and to expedite payment of the $500 owing to the Speedway Contracting Company to whoever was legally entitled thereto; that said attorney failed to file an answer in the Speedway Contracting Company action, and on August 25, 1949, it was awarded judgment against Kreutzmann for said $500, and is now attempting to collect that judgment through the usual legal procedures. And in said affidavit Kreutzmann further stated that on July 12, 1949, he was served with a judgment, dated March 26, 1949, entered in the action in which he was the garnishee defendant; and that said judgment purports to be based upon a finding of fact that,—

"Kreutzmann has disclosed to the court, under oath, that he has property in his possession, to wit—the sum of five

hundred ($500) dollars, cash, which is the property of the said principal defendant, Vincent Kobida, doing business as the Greys Motor Service,"

and a conclusion of law that,—

". . . plaintiffs are entitled to judgment directing the garnishee defendant, Jack Kreutzmann, to pay into court for the use of" the plaintiffs $500 "now in his possession."

For that finding and conclusion of law there is no basis whatsoever in the record, although plaintiffs and the court apparently erroneously considered the finding and conclusion warranted by the statement in the garnishee answer prepared by Atwell that Kreutzmann "rented a machine from Kobida under the name of the Speedway Contracting Company," and that $500 are still owing on such rental. Furthermore in Kreutzmann's affidavit he stated (without any apparent contradiction) that when he was informed of the judgment entered against him as garnishee defendant he immediately wrote to Judge Severson that he owed only the Speedway Contracting Company, and that it had begun an action against him; and he likewise informed attorneys Atwell & Atwell but they would not release the garnishee judgment. Judge Severson wrote to Kreutzmann that he was unable to act directly in the matter; and suggested that Kreutzmann proceed through an attorney.

In connection with Kreutzmann's affidavit on his motion to vacate the judgment he filed a proposed verified answer alleging,—

". . . that at the time of said service of the garnishee summons" Kreutzmann "did not have in his possession and did not have any title to or any interest in any . . . property, effects, or credits of any description whatsoever belonging to said defendant, Vincent Kobida, or in which said defendant has any interest, and was in no manner and upon no account whatever indebted or under liability to said defendant."

The court, in denying the motion to vacate the judgment, stated:

". . . Kreutzmann has insisted throughout this proceeding to be a law unto himself, has ignored the advice by this court on at least two previous occasions to the effect that he should retain counsel and proceed in a legal manner to present his matter in court, and it is only after he has finally discovered that he cannot persist in doing as he likes in court that he invokes the jurisdiction of the court to have it set aside a judgment that has been regularly and properly taken. To grant his petition at this time would only be encouraging a practice which the court and every court wants to discourage."

Although Kreutzmann should have retained an attorney, as suggested by Judge SEVERSON, there was manifestly no such dereliction on his part as can be deemed to warrant concluding that he was consciously neglecting or failing to protect and preserve his rights. When he was duly advised to that effect by W. E. Atwell, Sr., in his office, Kreutzmann asked if the matter could not be taken care of in the office of Atwell, who in his affidavit states, "the answer drawn was exactly in the form stated by the garnishee defendant . . . as a convenience to said defendant without compensation." In the answer thus prepared by Atwell, Sr., Kreutzmann stated that,—

". . . he rented a machine from Kobida under the name of Speedway Contracting Company; that there is still due and owing on such rental the sum of five hundred ($500) dollars."

The word "Kobida" in that statement is manifestly solely a family name. In the absence of an appellation—baptismal, Christian, or otherwise—of also a duly given name, the family name does not specifically designate any particular individual. Consequently, who was the intended "Kobida" in this case is wholly indefinite and uncertain in the absence of some proof in that respect. In the title of the action plaintiffs designated "Vincent Kobida d/b/a Greys Motor Service" as the defendant, and Kreutzmann stated in his

affidavit on the motion to vacate the judgment that when his answer was drawn by Atwell at his office Kreutzmann told him that he was in no way indebted to Vincent Kobida; that he did owe $500 for shovel rental to the Speedway Contracting Company in which John Kobida, a brother of Vincent Kobida, was a partner. That Kreutzmann made those statements has not been denied by Atwell, Sr. Neither has he denied the statement in Kreutzmann's affidavit that Atwell, Sr., then stated that "plaintiffs intended to show that John Kobida and Vincent Kobida were partners in the Speedway Contracting Company and advised" Kreutzmann to hold the $500 owed to Speedway Contracting Company and pay the money into court when so ordered and let the court decide who was entitled to the money. However it does not appear that plaintiffs introduced any proof that Vincent Kobida was a partner in the Speedway Contracting Company.

In view of the above-stated circumstances, the answer as prepared by Atwell and signed by Kreutzmann with solely the family name "Kobida" as the party from whom Kreutzmann rented a machine under the name of Speedway Contracting Company, a partnership in which John Kobida—and not Vincent Kobida—was a partner, is obviously so indefinite that it cannot be deemed to admit of any indebtedness to Vincent Kobida on the part of Kreutzmann. Therefore, in the absence of any proof which could be deemed competent to establish that Vincent Kobida was also a partner in the Speedway Contracting Company, or that he was in any other respect entitled to any interest in the $500 owing by Kreutzmann to that partnership, the trial court was clearly in error in adjudging that the garnishee defendant Kreutzmann shall pay the $500 to the clerk of the circuit court. Consequently, in the absence of further competent proof on that subject, the statement written by Atwell, Sr., as Kreutzmann's answer afforded no basis for Judge SEVERSON's

finding and conclusion and judgment, dated March 26, 1949, that Kreutzmann has disclosed that he has $500 in his possession which is the property of *"Vincent* Kobida doing business as Greys Motor Service;" and that Kreutzmann shall pay the $500 to the circuit court clerk. Therefore the court, upon Kreutzmann's timely motion to have the judgment entered on March 26, 1949, vacated, should have so ordered instead of denying that motion by its order of January 10, 1950; and should have ordered a trial to determine whether Vincent Kobida had any right or interest in said sum of $500.

*By the Court.*—The order dated January 10, 1950, is reversed and the cause remanded with directions to enter an order vacating the judgment of March 26, 1949; and permitting the garnishee defendant to serve his proposed garnishee answer.